El Juez Asociado Sr. Figueras no formó Tribunal en la vista de este caso.

---

## FORTUÑO *v.* FERRERAS.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 70.—Resuelto en Noviembre 20, 1903.

DIVORCIO—CAMBIO DE RELIGIÓN.—Si bien la Orden General de 17 de Marzo de 1899, sobre matrimonio y divorcio, admite como causa para éste la violencia ejercida por el marido sobre la mujer, para obligarla á cambiar de religión, es necesario que así la disparidad de cultos, como esa violencia, se justifiquen de tal modo que lleven al convencimiento de que se hace imposible á los cónyuges la vida en común y que de ella puede resultar peligro para alguno de éstos.

of cassation into a court of appeals, the proceedings required under the new law of March 12 of the present year were had.

A day was set for the hearing, which took place this day, the attorneys of both parties being present, as also the *Fiscal* of this court, who made such arguments as they deemed proper in support of the contentions of the appellant and the respondent and of the State.

*Mr. Alvarez Nava*, for appellant.

*Messrs. Diaz* and *Texidor*, for respondent.

*Mr. del Toro, Fiscal* of the Supreme Court.

No. 70.—Decided November 20, 1903.

DIVORCE.—CHANGE OF RELIGION.—Although judicial order of March 17, 1899, referring to marriage and divorce provides that violence of the husband to force his wife to change her religion is ground for a divorce, the alleged difference of worship and use of violence by the husband must be estab-lished in such manner as to leave no doubt of the impossibility of the couple living together and the probability of such cohabitation proving dangerous to one of them.

ALLANAMIENTO DEL DEMANDADO—MUTUO CONSENTIMIENTO—El allanamiento del marido, conformándose con los hechos de la demanda, no es prueba de los hechos ni razón suficiente para decretar el divorcio, porque no sólo la disolución del matrimonio no puede estar, ni está, á la discreción de los cónyuges, por lo que el mutuo consentimiento no es causa de divorcio, sino que ese allanamiento pudiera ser la manifestación de la connivencia entre ambos para obtener aquel resultado.

### EXPOSICIÓN DEL CASO.

En los autos del juicio declarativo seguido en el Tribunal del Distrito de San Juan, entre partes, de la una, Doña Emilia Juana Fortuño y Larroche, vecina de esta Capital, como demandante, representada y dirigida por su Abogado defensor Don Luis Freyre Barbosa, y de la otra, Joaquin Ferreras Pagán, también vecino de esta Capital, como demandado sobre divorcio; autos pendientes ante Nos á virtud del recurso de casación por infracción de ley interpuesto por la representación de la demandante contra la sentencia pronunciada por el referido Tribunal de Distrito, que transcrita literalmente dice así:

"*Sentencia.*—En la Ciudad de San Juan de Puerto Rico, á 11 de Octubre de 1902.—Vistos estos autos de juicio declarativo seguidos por Doña Emilia Juana Fortuño y Larroche, vecina de esta Ciudad, dirigida y representada por el Abogado Don Luis Freyre Barbosa, contra su esposo Don Joaquin Ferreras Pagán, de este vecindario, sobre divorcio.

*Resultando:* que el Abogado Don Luis Freyre Barbosa interpuso demanda de divorcio en representación de Doña Emilia Juana Fortuño y Larroche, contra el esposo de ésta, Don Joaquin Ferreras Pagán, fundándola, como hecho, en que habiendo abrazado hace poco tiempo el marido el protestantismo ha empleado medios violentos para hacer abjurar á su esposa de la religión católica que con fervor practica y como fundamentos de derecho en la Sección 8 de la Ley Foraker y en la Orden Judicial de 17 de Marzo de de 1899 que admite aquella causa para el divorcio.

A la demanda acompañó la certificación del matrimonio canónico que celebraron en 29 de Julio de 1894 y las de nacimiento de dos hijos que durante el mismo han procreado.

*Resultando:* que admitida la demanda y conferido traslado al demandado, presentó escrito allanándose á la misma, manifestando ser ciertos los hechos alegados en aquélla, por lo que el actor solicitó se señalase día y hora para la votación del fallo, porque, según su apreciación, allanado el demandado, se hacían innecesarios los demás trámites, cuya pretensión se denegó por los fundamentos del auto de 13 de Agosto último.

ID.—ADMISSION OF DEFENDANT.—MUTUAL CONSENT.—The admission of the husband to charges contained in the complaint is not proof of the facts alleged nor sufficient reason for decreeing a divorce, because mutual consent is not a ground for divorce, for such admission, unless the facts are otherwise established, might be the result of collusion between the parties for the purpose of obtaining a divorce.

## STATEMENT OF THE CASE.

This is a declaratory action for divorce prosecuted in the District Court of San Juan by Emilia Juana Fortuño y Larroche, a resident of this city, as plaintiff, represented by her attorney, Luis Freyre Barbosa, against Joaquín Ferreras Pagán, also a resident of this city, as defendant, which case is pending before us on appeal in cassation for error of law, taken by counsel for the plaintiff, from the judgment rendered by the said District Court, which literally reads as follows:

"Judgment.—In the City of San Juan, Porto Rico, October 11, 1902. This is a declaratory action for divorce instituted by Emilia Juana Fortuño y Larroche, a resident of this city, represented by her counsel, Luis Freyre Barbosa, against her husband Joaquín Ferreras Pagán, of this city.

"Luis Freyre Barbosa, Esq., on behalf of Emilia Juana Fortuño y Larroche, brought an action for divorce against her husband Joaquín Ferreras Pagán, in the District Court of San Juan, alleging that said Ferreras, having some time ago embraced Protestantism, had employed violent means to compel her to abjure the Roman Catholic religion of which she was an ardent votary, and citing, as legal grounds, section 8 of the Foraker Act and Judicial Order of March 17, 1899, which provide that the aforesaid grounds shall constitute cause for divorce.

"The complaint was accompanied by the certificate of their marriage, performed according to the rites of the Church, on July 29, 1894, and the certificates of birth of the children had by them during said marriage. .

"The complaint having been admitted and notice thereof having been served upon the defendant, he filed his answer acquiescing therein, and stating that the facts as alleged in the complaint were true, whereupon the plaintiff moved that a day be set for voting upon the judgment, for, as she understood, when the defendant admits the charge there is no necessity of proceeding further, which motion was dismissed for the reasons set forth in the order of August 13, 1902.

*Resultando:* que solicitado el recibimiento á prueba, se señaló después de tener por contestada la demanda por el Ministerio Fiscal, dia para la comparecencia con objeto de proponer aquélla y el actor utilizó la testifical y en el acto del juicio oral declararon los dos testigos que propuso y luego del informe oral se procedió, previa deliberación, á la votación de esta sentencia en audiencia pública por el Tribunal.—Siendo Instructor el Juez Asociado Don Juan J. Perea.

*Considerando:* que si bien la Orden General de 17 de Marzo de 1899, sobre matrimonio y divorcio, admite como causa para éste la violencia ejercida por el marido sobre la mujer, para obligarla á cambiar de religión, es necesario que así la disparidad de cultos, como esa violencia, se justifiquen de tal modo que lleven al convencimiento de que se hace imposible á los cónyuges la vida en común y que de ella puede resultar peligro para alguno de éstos.

*Considerando:* que la única prueba propuesta y practicada, la declaración de los dos testigos que dicen estuvieron al servicio de los esposos, no es suficiente á acreditar, á juicio del Tribunal, aquellas circunstancias, no estando de acuerdo en la religión que dicen profesa el marido, pues mientras una dijo que era protestante, la otra afirmó que era masón, y no es posible por ese solo testimonio decretar la disolución de un matrimonio por aquel fundamento, sin que se haya justificado todo el proceso de ese fervor religioso distinto en ambos cónyuges, y de esas violencias, ni cual fuera el verdadero objeto de éstas.

*Considerando:* que el allanamiento del marido, conformándose con los hechos de la demanda, no es prueba de los hechos ni razón suficiente para decretar el divorcio, porque no solo la disolución del matrimonio no puede estar, ni está, á la discreción de los cónyuges por lo que el mutuo consentimiento no es causa de divorcio, sino que ese allanamiento, mientras no se justifiquen en otra forma los hechos, pudiera ser la manifestación de la connivencia entre ambos para obtener aquel resultado.

*Considerando:* que desestimada la pretensión de la demandante deben imponérsele las costas.

*Vistas* la Orden Judicial citada y la General número 118.

*Fallamos:* que debemos declarar y declaramos sin lugar la demanda de divorcio interpuesta por Doña Emilia Juana Fortuño y Larroche contra su esposo Don Joaquin Ferreras Pagán, á quien absolvemos de ella, imponiendo á la demandante las costas del juicio.

*Así,* por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos.—Juan Morera Martinez.—Juan J. Perea.—Manuel F. Rossy.—Publicación: Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado Don Juan J. Perea, celebrando audiencia pública el Tribunal, hoy 11 de Octubre de 1902.—Certifico: Ramón Falcón.

"The taking of evidence having been requested, a day was set for that purpose after the complaint had been answered by the *Fiscal,* when the plaintiff presented two witnesses who testified upon the conclusion of the oral argument, and after due deliberation, the court proceeded to vote upon the judgment in open court. Judge Juan J. Perea prepared the following opinion:

'"Although the Judicial Order of March 17, 1899, referring to marriage and divorce provides that violence used by the husband against his wife, to compel her to change her religion is a cause for divorce, the alleged difference in worship and the use of violence by the husband must be established in such manner as to leave no doubt of the impossibility of the couple living together and the probability of such cohabitation proving dangerous to one of them.

'"The only evidence proposed and introduced,—the testimony of the two witnesses who stated that they had been employed as servants of the couple, —is not sufficient in the opinion of the court, to prove the existence of those circumstances, inasmuch as they do not agree in regard to the religion professed by the husband; for, while one testified that he was a protestant, the other asserted that he was a free-mason, and upon such testimony the dissolution of the marriage bond cannot be decreed for the cause alleged, it being necessary that all the particulars of said conflicting religious beliefs of the spouses, and the acts of violence resorted to should be proven, as also the real object thereof.

'"The husband's acquiescence in the complaint by admitting the charges therein is no proof of the facts alleged, nor is it sufficient ground for granting a decree of divorce, because, not only the dissolution of the marriage cannot be left to the discretion of the spouses, mutual consent not being a cause for divorce, but such acquiescence, unless the facts are otherwise established, might be the result of collusion between the spouses for the purpose of obtaining a divorce.

'"The plaintiff having lost her case on all points, costs should be taxed against her.

"In view of aforesaid Judicial Order and General Order No. 118, we adjudge that we should declare and do declare, that the action for divorce instituted by Emilia Juana Fortuño Larroche against her husband, Joaquín Ferreras Pagán, does not lie, and accordingly dismiss the same with costs against the plaintiff."

'"Thus by this our judgment, finally adjudging, do we pronounce, command and sign—Juan Morera Martínez—Juan J. Perea—Manuel F. Rossy.—

"Publication: The foregoing judgment was read and published by Judge Juan J. Perea, at public session of the court, held this 11th day of October, 1902. Certified to by me—Ramón Falcón".

*Resultando :* que contra esta sentencia interpuso la representación de la demandante, Doña Emilia Fortuño, recurso de casación por infracción de ley, que le fué admitido, y elevados los autos á esta Superioridad, con citación y emplazamiento de las partes, personado el apelante y substanciado el recurso como de apelación, á virtud de lo dispuesto por la Ley votada por la Asamblea Legislativa de esta Isla, y aprobada en 12 de Marzo último, convirtiendo esta Corte Suprema en Tribunal de Apelación, se señaló día para la vista, cuyo acto tuvo lugar con asistencia sólo del Representante del Ministerio Fiscal, Don Emilio del Toro Cuebas.

Abogados del apelante : *Sres. Palmer* y *Freyre Barbosa.*

Fiscal del Tribunal Supremo : *Sr. del Toro.*

La parte apelada no compareció.

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal :

*Aceptando* los fundamentos de hecho de la sentencia apelada y los de derecho, á excepción del segundo ; y

*Considerando :* que la única prueba propuesta y practicada á instancia de la demandante, Doña Emilia Fortuño, consiste en las declaraciones de las dos testigos que dicen haber estado al servicio de los esposos, no es todo lo explícita y circunstanciada que fuera de desearse para que el Tribunal pudiera formar exacto juicio acerca de las verdaderas causas de las disensiones ocurridas entre los esposos, y sobre la frecuencia y gravedad de las mismas, elementos indispensables para poder juzgar con acierto sobre la justicia y legalidad del divorcio que se pretende.

*Fallamos :* que debemos confirmar y confirmamos la sentencia apelada con. las costas á la apelante.

Jueces concurrentes : Sres. Hernández, Sulzbacher y Mac-Leary.

El Juez Asociado Sr. Figueras no formó Tribunal en la vista de este caso.